**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN G. SMITH,** )<br>)<br>         **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**R.R. DONNELLEY AND SONS COMPANY,** )<br>)<br>         **Defendant.** )<br>                                                                    ) | **Civil Action No.: 10-1417.** |

### DEFENDANT'S AMENDED PRETRIAL MEMORANDUM

COMES NOW, Defendant R.R. Donnelley ("R.R. Donnelley"), by counsel, and in accordance with Local Rule 16.1(c) of the Eastern District of Pennsylvania, states the following:

1. <u>Nature of the Action and Basis for Jurisdiction</u>

In this case, Plaintiff Stephen Smith has sued his former employer, Defendant R.R. Donnelley, alleging a single claim of wrongful discharge under Pennsylvania common law. Specifically, Smith claims that R.R. Donnelley terminated his employment for reporting a work-related injury.

This Court may maintain jurisdiction over this case in accordance with 28 U.S.C. § 1332(a)(1) due to the parties' diverse statement citizenships and the amount in controversy. Specifically, Smith is a Pennsylvania resident. In accordance § 1332(c)(1), R.R. Donnelley is a citizen of Delaware (its state of incorporation) and Illinois (its principal place of business). The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. <u>Brief Statement of the Facts</u>

R.R. Donnelley is a commercial printer. On March 20, 2009, Smith, an assistant press operator at R.R. Donnelley's "Steelway" plant in Lancaster, Pennsylvania, called the supervisor on duty, Candido Crespo. During that conversation, Smith, who was slated to have surgery to

repair detached retinas in both of his eyes and a vitreous hemorrhage in his left eye, told Crespo that eight days earlier Smith was exiting "the unit" of the press machine when he had a "head to head" collision with his co-worker, Amanda Sierra.  According to Smith, that collision caused the eye injuries necessitating Smith's surgery that morning.

Shortly after his conversation with Crespo, Smith called Clare Sterback, the nurse charged with managing employee health issues at the Steelway plant.  Despite telling Crespo that he was exiting the "unit" when the collision occurred, Smith told Sterback that he was exiting the "folder" when he and Sierra bumped heads.  The "folder" is a completely different part of the press than the "unit."

Meanwhile, Crespo conducted his own investigation of the alleged collision.  When he confronted Sierra, she looked surprised and stated that she did not remember bumping heads with Smith.  When Crespo asked Sierra to jog her memory, she responded that she did not remember it and that she would have remembered such an incident.  Similarly, Ken Engle, who worked on the same press as Smith and Sierra, denied seeing any such collision or hearing Smith make any mention of it.

Sterback forwarded Smith's report to Gallagher Bassett, R.R. Donnelley's third-party worker's compensation benefits administrator.  When Gallagher Bassett interviewed Smith a few days after his conversations with Crespo and Sterback, Smith stated that Sierra was "coming towards him.  He was not paying attention.  They smacked heads."

On March 25, 2009, just five days after his initial report, Gallagher Bassett informed Smith that R.R. Donnelley would not pay any worker's compensation benefits regarding Smith's alleged collision with Sierra.  Smith never filed a claim petition with the Worker's Compensation

Bureau, and, as a result, R.R. Donnelley has never paid Smith any benefits or expended any attorney's fees defending against a claim for worker's compensation benefits.

In any event, Smith was absent on medical leave from March 20 through June 8, 2009, recovering from his eye surgery. On or about May 14, 2009, Smith's immediate supervisor, Bob Peris, wrote an email to Krista Jenkins, R.R. Donnelley's Human Resources Manager for the Steelway plant. Because Smith had delayed in reporting the alleged collision with Sierra and had apparently fabricated the story about the collision, Peris wanted Jenkins' advice on what disciplinary action to take against Smith.

In response to this inquiry, Jenkins reviewed the available information, including Smith's statements to Crespo and Sterback, Sierra's denial and Engle's statement. This evidence, along with the eight-day delay in reporting the incident, led Jenkins to conclude that Smith had fabricated the story about the collision with Sierra. As a result, she authorized Peris to terminate Smith for lying, which is grounds for termination under R.R. Donnelley's Corrective Action policy. On June 8, 2009, the first day Smith reported back, Peris informed Smith of that decision.

Smith immediately appealed that decision through R.R. Donnelley's employee complaint procedure. On June 9, Jenkins spoke with Smith. During this conversation, Smith told Jenkins that he was standing outside the press and "was facing the front of the machine looking for someone." Sierra "was inside the unit, crouched down while looking at the paper." As she exited, she banged her head against Smith's head, "right above his left ear."

This seemed odd to Jenkins. First, this explanation—that Sierra was inside the unit, while Smith was standing outside the unit—directly contradicted what Smith told Crespo and Sterback back in March. Second, Smith stands approximately six feet three inches tall, while

Sierra stands only five feet three inches.  As a result, it would be virtually impossible for Sierra to bang her head above Smith's left ear if he was standing up outside the unit as he claimed.

When Jenkins asked Smith how the collision could have occurred if he was facing forward, Smith changed his story once again.  This time, he denied that he was facing forward, but instead claimed that he was leaning forward into the unit and the two bumped heads when Sierra exited the unit.

Jenkins also interviewed Sierra, who adamantly denied any collision with Smith.  Sierra also mentioned that Smith had contacted her several times trying to convince her to tell R.R. Donnelley that a collision had actually occurred.  One time, he approached her car in the Steelway parking lot as she left work around 3 a.m.  Although Smith told Sierra that he would lose his house if she did not change her story, Sierra replied that she will not say she remembers something that she does not.

According to Jenkins, Sierra had no apparent reason to lie and her story remained consistent.  On the other hand, Smith's story changed several times, and Smith had a significant motive to lie.  Given Smith's evolving story and Sierra's lack of apparent motivation to lie, Jenkins determined that Smith was not telling the truth, but Sierra was.  As a result, Jenkins affirmed the decision to terminate Smith, and this lawsuit followed.

      3.      <u>Monetary Damages</u>

R.R. Donnelley does not claim monetary damages.  Smith does not claim any direct monetary loss.  Instead, his monetary damages are limited to compensatory damages for pain and suffering and Smith's claim for punitive damages.

4. <u>Witness List</u>

| Name | Address/Telephone |
|---|---|
| Krista Jenkins | 391 Steel Way<br>Lancaster PA  17601<br>(717) 295-4003<br><br>*This individual is employed by Defendant and, therefore, should only be contacted through counsel.* |
| Candido Crespo | 391 Steel Way<br>Lancaster PA  17601<br>(717) 295-4003<br><br>*This individual is employed by Defendant and, therefore, should only be contacted through counsel.* |
| Robert Peris | 391 Steel Way<br>Lancaster PA  17601<br>(717) 295-4003<br><br>*This individual is employed by Defendant and, therefore, should only be contacted through counsel.* |
| Amanda Sierra | 1921 Oregon Pike H4<br>Lancaster PA 17601<br>(717) 598-3378<br><br>*At all relevant times, this individual was employed by Defendant and, therefore, should only be contacted through counsel.* |
| Ken Engle | 1370 Harrisburg Pike<br>Lancaster PA  17601<br>(717) 293-3704<br><br>*This individual is employed by Defendant and, therefore, should only be contacted through counsel.* |
| Clare Sterback | 216 Greenfield Road<br>Lancaster, PA 17601<br>(717) 293-2010<br><br>*Although not employed directly by Defendant, this individual is employed by a joint actor entity.  As a result, this individual should only be contacted through Defense counsel.* |

5. <u>Exhibits</u>

    (a)    March 20, 2009 Email from Candido Crespo (D-207)

    (b)    March 20, 2009 Email from Clare Sterback (D-209)

    (c)    March 21, 2009 Email from Candido Crespo (D-206 to D-207)

    (d)    March 20, 2009 Email from Clare Sterback and attached First Report (D-181 to D-187)

    (e)    Smith's Statement to Gallagher Bassett

    (f)    Affidavit of Sonya Lucas

    (g)    May 14, 2009 Email from Bob Peris (D-29)

    (h)    R.R. Donnelley's Positive Counseling Policy (D-03 to D-06)

    (i)    R.R. Donnelley's Open Door Policy (D-01 to D-02)

    (j)    May 19, 2009 Email from Clare Sterback to Krista Jenkins (D-21)

    (k)    May 20, 2009 Email from Clare Sterback to Krista Jenkins (D-22)

    (l)    Krista Jenkins' Notes (D-23)

    (m)    Separation Report (D-215 to D-216)

    (n)    Patient Care Report (D-123 to D-125)

    (o)    August 16, 2006 Email from Judy Zabinski (D-139)

    (p)    August 17, 2006 Email from Clare Sterback (D-138)

    (q)    August 18, 2006 Email from Judy Zabinski (D-136)

    (r)    Dr. Cindy Janesky's August 16, 2006 Report (D-126 to D-127)

    (s)    Incident Investigation Employee Information Form (D-74)

    (t)    Stephen Smith Treatment Notes (D-128 to D-129)

(u) Workers' Compensation Employee Notification and Acknowledgment Form (D-119)

(v) Claim Petition for Workers' Compensation (D-174 to D-175)

(w) Stipulation (D-144 to D-146)

(x) Pennsylvania Career Link Document

(y) Smith's Pennsylvania Unemployment Compensation Handbook

(z) Tier 3 Notice of Financial Determination

(aa) Pennsylvania Department of Labor & Industry Notice of Financial Determination.

(bb) June 29, 2006 Letter from Clare Sterback, with attached ADA Questionnaire (D-231 to D-233).

(cc) Agreement Regarding Confidential Information, dated 11/13/06 (D-272 to D-273)

(dd) Agreement Regarding Confidential Information, dated 10/29/07 (D-270 to D-271)

(ee) Agreement Regarding Confidential Information, dated 5/13/08 (D-263 to D-264)

(ff) 2006 Performance Evaluation (D-275 to D-278)

(gg) 2007 Performance Evaluation (D-265 to D-267)

(hh) 2004 Performance Evaluation (D-284 to D-286)

(ii) Final Written Warning with Letter of Commitment (D-287 to D-291)

(jj) Offset Press and Unit Close-Up Diagram (Demonstrative Exhibit)

(kk) R.R. Donnelley's Substance Abuse Policy

    (ll) Defendant reserves the right to introduce any exhibit listed or utilized by Plaintiff at trial.

 6. <u>R.R. Donnelley estimates that the liability phase of this trial will take one day to complete</u>.

 7. <u>Special Comments</u>:

  (a) <u>Stipulations</u>:  In addition to the factual and legal stipulations contained in the Agreed-Upon Finding of Fact and Conclusions of Law, Plaintiff and Defendant have entered into the following stipulations:

    (i) Smith will not offer any testimony, evidence or argument about Wanda Schaeffer or R.R. Donnelley's alleged treatment of her.

    (ii) Smith will not offer any testimony, evidence or argument about what the unidentified maintenance employee allegedly told Smith at the Liederkrantz restaurant.

    (iii) Smith does not request damages associated with the surgery to repair his detached retinas.

    (iv) Plaintiff does not claim that the Department of Labor & Industry's Service Center's decision finding Smith eligible for unemployment compensation benefits constitutes collateral estoppel on the issues in this case.

    (v) The entirety of Dr. Pavlica's deposition testimony will be admitted into evidence.

    (vi) Smith's entire social security file is admissible.

    (vii) Because Smith has been unable to perform any work since June 8, 2009, Smith is not entitled to back pay, front pay or reinstatement.

    (b) <u>Deposition Testimony</u>:  In accordance with paragraph 12 of the pretrial order, please find attached copies of Dr. Eric Singman's and Patricia Morgal's deposition testimony.  Defendant intends to introduce the portions marked in red.

    (c) <u>Objections to Plaintiff's Evidence</u>:

     (i) Defendant objects to introduction of the un-redacted version of D-213.  The notes in the un-redacted version contain attorney-client privilege communications.  To the extent, the exhibit list refers to the redacted version of D-213, Defendant has no objection.

     (ii) Defendant objects to including documents D-197 and D-198 with the Surveillance Report listed in paragraph 5(c) of Plaintiff's Pretrial Memorandum.  Those documents are not part of the Surveillance Report.

     (iii) Defendant objects to Smith's introduction of D-10.  Smith's statements in that document are inadmissible hearsay.  *See* Fed. R. Evid. 802.

     (iv) R.R. Donnelley objects to any evidence or argument concerning Amanda Sierra's alleged drug abuse.  R.R. Donnelley has filed a motion *in limine* regarding this topic;

     (v) R.R. Donnelley objects to any evidence or argument regarding Smith's alleged offer to take a polygraph test.  R.R. Donnelley will file a motion *in limine* regarding this topic;

     (vi) R.R. Donnelley objects to Plaintiff's attempt to introduce evidence of the value of R.R. Donnelley's assets as part of his punitive damages argument.  Such evidence is irrelevant to the liability phase of this trial.  Moreover, Plaintiff has never provided the documents in question to R.R. Donnelley.  Accordingly, R.R. Donnelley also objects to the

introduction of such document(s) on authentication and hearsay grounds.  *See* Fed. R. Evid. 802 and 901(a).

                                Respectfully submitted,

                                BARLEY SNYDER LLP

Dated: April 2, 2012              */s/David J. Freedman*_____
                                            Jennifer L. Craighead, Esquire
                                            Pa. Attorney I.D. No. 69105
                                            jcraighead@barley.com
                                            David J. Freedman, Esquire
                                            Pa. Attorney I.D. No. 207257
                                            dfreedman@barley.com
                                            126 East King Street
                                            Lancaster, PA  17602-2893
                                            (717) 299-5201
                                                   Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, Defendant's Pretrial Memorandum, this 2nd day of April, 2012 has been filed with the Court's ECF/CMF system and is available for downloading:

        Kirk L. Wolgemuth, Esq.
        Wolgemuth & Dunlap
        P.O. Box 10305
        Lancaster, PA 17605
            Attorney for Plaintiff

        BARLEY SNYDER LLP

        _/s/David J. Freedman_____
        Jennifer L. Craighead, Esquire
        Pa. Attorney I.D. No. 69105
        jcraighead@barley.com
        David J. Freedman, Esquire
        Pa. Attorney I.D. No. 207257
        dfreedman@barley.com
        126 East King Street
        Lancaster, PA  17602-2893
        (717) 299-5201
            Attorneys for Defendant